WRIGHT v. WRIGHT.

1. DIVORCE — MODIFICATION OF DECREE — ALIMONY — PARTIES ENTITLED TO HEARING.

Where a petition by the husband, who had been adjudged guilty of contempt for failure to make payments for the support of a minor child, asked for the modification of a divorce decree, but asked no relief from the amount of accrued payments, the court below was in error, on motion of a friend of the court, in reducing said amount without giving plaintiff an opportunity to be heard thereon, and without any showing that the financial condition of the husband had been changed, especially where neither plaintiff or defendant knew that the question was to be passed on at that time.

2. SAME—UNREASONABLE REQUIREMENT.

Where the original decree permitted the husband to visit

the child, communicate freely with it, and have posses-
sion of it on occasions, a modification of the decree re-
quiring the wife, who had a bitter and unfriendly feeling
toward the husband, to "at least once each month make
a reasonable report on the health, welfare, and activities
of said child," is *held*, to be unreasonable.

Appeal from Kalamazoo; Collingwood (Charles B.),
J., presiding.    Submitted April 18, 1923.    (Docket
No. 92.)    Decided June 4, 1923.

Bill by Lottie F. Wright against Earl C. Wright
for a divorce: On petition of defendant for modifica-
tion of the decree.    From a decree for defendant,
plaintiff appeals.    Reversed.

*Titus & Titus,* for plaintiff.

*Charles L. Dibble, amicus curiæ.*

McDONALD, J.    On the 23d day of June, 1919, the
plaintiff was granted a decree for divorce against the
defendant.    By the terms of the decree she was
given the custody of their minor child, and the de-
fendant was required to pay the sum of $5 a week
towards its support and maintenance.    On the 26th
day of November, 1921, he was adjudged guilty of
contempt for failure to make his payments and was
committed to the county jail.    He was subsequently
released under an arrangement by which he was to
pay $3.50 on the accrued alimony, in addition to the
regular weekly payments provided for in the decree.
On the 17th of October, 1922, he filed a petition to
modify the decree by adding thereto the following:

"The plaintiff shall deliver to the child of these
parties, Dale D. Wright, all letters addressed to said
child by the defendant, and shall read them to him
so long as he is unable to read them himself, and said
plaintiff shall whenever requested by the defendant,

give defendant a reasonable report of the health and welfare and the activities of said child. Said plaintiff shall also permit said child to write to the defendant and shall write such letters for said child as long as he is unable to do so."

On the hearing the circuit judge not only granted the prayer of the petition, but reduced the amount due on accrued alimony from $208 to $50. From the amended decree entered the plaintiff appeals.

When the court announced its intention to reduce the alimony, counsel for the plaintiff raised the question of jurisdiction in view of the fact that the petition asked for no such relief. The court suggested that it could be amended. The defendant was not personally present, nor was he represented by counsel. The friend of the court, who was present in the interest of the minor child, moved an amendment as follows:

"Your petitioner prays that the amount now in arrears of alimony payments may be reduced by the court as to the court shall seem right."

The amendment was permitted. Counsel's objection is directed not so much to allowing the amendment as it is to a summary disposition of the question without giving the plaintiff an opportunity to be heard. She was not present. Neither she nor defendant knew that the matter of reducing the accrued alimony was to be passed on by the court at that time. There was no hearing. There was no showing that the financial condition of the defendant had changed since the decree was made. He was not there and he offered no proofs. The only witness sworn was the friend of the court, whose sole interest was to secure an amendment of the decree permitting the father to communicate more freely with the child. That was the purpose and tendency of his

testimony. We think that counsel was right in his insistence that plaintiff was entitled to be heard on the matter of reducing the amount due for the support of the child. There is no evidence to justify an amendment of the decree in this respect.

Counsel for the plaintiff makes further objection to the amended decree in that it requires the plaintiff "shall at least once each month make a reasonable report on the health, welfare and activities of said child." We think if the defendant be permitted to visit the child, communicate freely with it, have possession of it on occasions, as provided in the original decree, he is receiving all that he can reasonably ask. A very bitter and unfriendly feeling exists between these parties, at least on the part of the plaintiff. On the hearing of the petition the circuit judge said:

"Mr. Wright has been guilty of a great wrong to his wife, there is no question about that, and she took the proper remedy and divorced herself from him."

In view of this it would seem that requiring her to write to him once a month and report on the health, welfare and activities of the child is unreasonable; nor is it necessary. The decree allows him to visit it monthly and he can determine for himself its "health, welfare and activities."

In so far as the amended decree reduces the amount of accrued alimony and requires a monthly report to defendant it is reversed. In all other respects it is affirmed, without costs.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.